UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>  v.<br>JORGE CISNEROS,<br>  Defendant. | Case No. 5:11-cr-00355-EJD-7<br><br>**ORDER GRANTING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE AND CORRECT CONVICTION AND SENTENCE**<br><br>Re: Dkt. No. 967 |

Before the Court is Defendant Jorge Cisneros' 28 U.S.C. § 2255 motion to vacate and correct his conviction and sentence. 28 U.S.C. § 2255 Motion to Vacate ("Mot."), Dkt. 967. On June 29, 2020, the Government filed its response to Defendant's motion and requested that the Court resentence Defendant. Government's Response to 2255 and Request for Plenary Re-Sentencing ("Response"), Dkt. 992. Thereafter, on July 26, 2020, Defendant filed his reply. Defendant's Reply to Government's Response to 28 U.S.C. § 2255 Motion to Vacate ("Reply"), Dkt. 1005. For the foregoing reasons, Defendant's motion is **GRANTED**.

**I.     BACKGROUND**

On or about June 13, 2017, Defendant entered into a plea agreement and pled guilty to three charges: racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1), use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 4), and possession with intent to distribute 5 grams or more of methamphetamine violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) (Count 25). *See* Mot. at 1. On September 25, 2017, the Court

Case No.: 5:11-cr-00355-EJD-7
ORDER GRANTING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE AND CORRECT CONVICTION AND SENTENCE
1

sentenced Defendant to 140 months in custody. *Id.* Pursuant to the sentencing order, Defendant received 80 months for Counts 1 and 25 (respectively) and a 60-month mandatory consecutive sentence for Count 4 (for an aggregate of 140 months), with five years of supervised release (five years for each count, to be served concurrently) upon release from imprisonment. *Id.*; Dkt. 796. Judgment was entered on September 26, 2017. Dkt. 796. Defendant is currently incarcerated at FCI Fairton, with a scheduled release date of January 8, 2024.

In June 2019, the United States Supreme Court held that 18 U.S.C. § 924(c)'s residual clause (which Defendant was charged and sentenced under) is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2323–24 (2019). In light of *Davis*, Defendant moves under 28 U.S.C. § 2255 for his conviction and sentence to be vacated, set aside, and corrected.

## II.     LEGAL STANDARD

A federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). If the court finds that relief is warranted, it must vacate and set aside the judgment and then discharge the prisoner, resentence him, grant a new trial, or correct the sentence as may appear appropriate. *Id.* § 2255(b). A court may retroactively apply a constitutional rule of criminal procedure to a prisoner's conviction and sentence if: (1) it places a class of conduct beyond the authority of the criminal law to proscribe or (2) it announces a watershed rule of criminal procedure. *See United States v. Brown*, 415 F. Supp. 3d 901, 904 (N.D. Cal. 2019).

## III.    DISCUSSION

On June 24, 2019, the United States Supreme Court held that the residual clause—the very statute under which Defendant was convicted on Count Four—is unconstitutionally vague. *Davis*, 139 S. Ct. at 2323–24. The Government does not dispute that *Davis* applies retroactively or that it requires the Court to vacate Defendant's § 924(c) conviction, *i.e.*, Count Four. *See* Response at 6. Accordingly, the Court **GRANTS** Defendant's § 2255 motion and vacates Defendant's § 924(c) conviction and sentence.

Case No.: 5:11-cr-00355-EJD-7
ORDER GRANTING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE AND CORRECT CONVICTION AND SENTENCE

2

The Government instead argues that this Court should resentence Defendant on the remaining counts of conviction, *i.e.* Counts One and Twenty-Five. *See id.* But, "the usual remedy is to set aside the counts on which illegal convictions were obtained and to leave untouched the valid convictions." *United States v. Barron*, 172 F.3d 1153, 1160 (9th Cir. 1999). The court has "wide discretion" to issue whatever remedy it deems "appropriate." *Troiano v. United States*, 918 F.3d 1082, 1086 (9th Cir. 2019) (holding that the standard of review for a district court's determination of the appropriate remedy in a § 2255 is abuse of discretion). Indeed, just recently, this Court declined to hold a resentencing hearing in a comparable case. *See United States v. Cardenas*, 2019 WL 7020193 (N.D. Cal. Dec. 20, 2019). As in *Cardenas*, there is no need to hold a resentencing hearing because the Court can easily excise the 18 U.S.C. § 924(c) conviction and sentence, while leaving the 18 U.S.C. § 1962(d) and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) counts intact. *See id.* at *2; *see also Brown*, 415 F. Supp. 3d at 907 (declining to hold a resentencing hearing due to the "straightforward nature of correcting [the defendant's] conviction and sentence").

The Government uses *Troiano* to argue that when a count is vacated such that it impacts the relevant Guideline range, the district court must engage in resentencing. Response at 8. In fact, in *Troiano*, the Ninth Circuit specifically noted that "the decision to unbundle a sentencing package—that is, to conduct a full resentencing on all remaining counts of conviction when one or more counts of a multi-count conviction are undone—rests *within the sound discretion of the district court*." 918 F.3d at 1087 (emphasis added). Here, there are good reasons not to resentence Defendant. Under the Government's resentencing proposal, Defendant would only be incarcerated for an additional year. FCI Fairton, where Defendant is incarcerated, has a COVID-19 outbreak. An additional year could thus subject Defendant to the unnecessary risk of acquiring COVID-19. Moreover, Defendant has engaged in post-sentence rehabilitation, he has no disciplinary violations, has completed educational and vocational training, and has disavowed gang membership and thus cannot associate with gang members. The Court also can easily correct

Case No.: 5:11-cr-00355-EJD-7
ORDER GRANTING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE AND CORRECT CONVICTION AND SENTENCE
3

1  Defendant's conviction and sentence without having a resentencing hearing. *See Brown*, 415 F
2  Supp. 3d at 907. For these reasons, the Court declines to have a resentencing hearing. As
3  Defendant has already served the 80-month custodial sentence on the two remaining counts, see
4  Dkt. 782 (in custody since January 30, 2014), he must be released forthwith from the custody of
5  the Bureau of Prisons.

## IV. CONCLUSION

For the foregoing reasons, Defendant's 18 U.S.C. § 924(c) conviction and sentence are vacated. As he has already completed his sentence for Counts One and Twenty-Five, he must be released forthwith from the custody of the Bureau of Prisons. Nothing in this Order shall affect the five-year supervised release ordered for Counts One and Twenty-Five. *See* Judgment, Dkt. 796. Defendant shall also comply with the $300 payment imposed in the Judgment. Finally, in light of the ongoing COVID-19 pandemic, Defendant must quarantine himself for 14-days upon release.

**IT IS SO ORDERED.**

Dated: July 29, 2020

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:11-cr-00355-EJD-7
ORDER GRANTING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE AND CORRECT CONVICTION AND SENTENCE
4